IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY L. FICKES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL NO. 2004-85 ) ) JUDGE KIM R. GIBSON |
| TYRONE HOSPITAL, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on Defendant's Second Motion for Summary Judgment (Document No. 27). Plaintiff filed a Response to Defendant's Second Motion for Summary Judgment (Document No. 31). The Court now **GRANTS** Defendant's Second Motion for Summary Judgment. Defendant's First Motion for Summary Judgment (Document No. 15), filed on July 28, 2006, is **DENIED because it is MOOT**.

## FACTS

Plaintiff, who was hired as a Data Processing Manager at Tyrone Hospital in 1991, filed a complaint against Defendant on April 14, 2004, alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1). Defendant filed a motion for summary judgment on July 28, 2006. On September 29, 2006, Defendant, Tyrone Hospital filed a Chapter 11 Voluntary Bankruptcy Proceeding in the United States District Court for the Western District of Pennsylvania, which was assigned Case No. 06-70759-JAD. Defendant filed a Suggestion of

1

Bankruptcy in this action, on October 4, 2006. (Docket No. 24). This case has been subject to the automatic stay provisions of 11 U.S.C. § 362 since that time.

Mr. Fickes' claim is listed on bankruptcy schedule F, "Creditors Holding Unsecured Nonpriority Claims," and described as "Lawsuit filed alleging discrimination" with the amount of claim "Unknown." (See Bankruptcy Docket Item No. 43, SMF Exhibit "A"). On October 12, 2006, the deadline for filing Proofs of Claim for all non-governmental creditors was set by the Bankruptcy Court as March 8, 2007. (See Bankruptcy Docket Item No. 15, SMF Exhibit "B"). By Order dated October 12, 2006, Bankruptcy Judge Markovitz required that the Debtor (Tyrone Hospital) give notice to creditors of the Bar Date for filing proofs of claim, not less than thirty days before the Bar Date. (See Bankruptcy Docket Item No. 14, SMF Exhibit "C"). The Notice to Creditors of the Bar Date and a Proof of Claim form was sent to all creditors named on the official Mailing Matrix, by Defendant's bankruptcy counsel, on November 27, 2007. (See Notice to Creditors, "Bar Date" Order, and Proof of Service, with official Mailing Matrix, at Bankruptcy Docket Item No. 52, SMF Exhibit "D"). Gary Fickes is listed on the Mailing Matrix, care of his attorney, Mr. Hasson. The Claims Register records all claims filed in the bankruptcy action. No claim was filed by Plaintiff, Gary Fickes. (See Claims Register, SMF Exhibit "E").

On March 10, 2010, Defendant filed a Chapter 11 Plan of Reorganization. In the Plan, the various types of claims are grouped into various classes. The class of creditors applicable to Plaintiff's claims in this case is "Class 16," which consists of "untimely filed claims, to the extent, if any, that any are asserted and allowed." *(See* Bankruptcy Docket Item No. 446, SMF Exhibit "F," at p. 4). The Plan further provides that "[t]o the extent that any claims would fall within Class 16, said claims would be impaired, as they will not be receiving any distribution upon their claims and the same will be discharged upon the Effective Date of the Plan." *(See*

Bankruptcy Docket Item No. 446, SMF Exhibit "F," at p. 10). By Order of Court dated June 10, 2010, The Honorable Jeffery A. Deller signed an Order of Court whereby the Plan of Reorganization, as modified, was approved. (*See* Bankruptcy Docket Item No. 472, SMF Exhibit "G").

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for summary judgment. Summary judgment should be granted in favor of the movant where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The burden is on the movant to show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In reviewing the summary judgment record, the Court must "view the facts in the light most favorable to the nonmoving party." *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

## ANALYSIS

The facts in this case are not disputed. No genuine issue of material fact exists. Mr. Fickes' claim herein was listed as a disputed, unsecured claim in Defendant's Chapter 11 bankruptcy case. Notice of the deadline for filing proofs of claim was properly served upon Mr. Fickes' counsel. No claim was filed by or on behalf of Mr. Fickes prior to the Bar Date, nor any time thereafter. The Plan of Reorganization was approved by the Bankruptcy Court, and no

3

objections were raised by Mr. Fickes. The Plan provides for discharge of all untimely claims. The claims raised in this civil action by Mr. Fickes are therefore discharged and Summary Judgment is appropriate.

This civil action, filed by Mr. Fickes, constitutes a claim against Tyrone Hospital. The Bankruptcy Code defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, disputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). The broad definition of the term "claim" is "designed to ensure that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." *Siegel v. Fed. Home Mortgage Corp.*, 143 F.3d 525, 532 (9th Cir.1998). A civil action based upon a claim of employment discrimination is a "claim" that is dischargeable in bankruptcy. See *Rederford v. U.S. Airways, Inc.* 589 F.3d 30 (1st Cir. 2009). In accordance with Federal Rule of Bankruptcy Procedure 3003 (c)(2), any creditor whose claim or interest is scheduled as disputed, contingent, or unliquidated must file a proof of claim. A discharge in bankruptcy relieves "the debtor from all debts that arose before the date of the order for relief...." 11 U.S.C. § 727(b). A "debt" is a "liability on a claim," 11 U.S.C. § 101(12). Where notice satisfies due process, "an order confirming a reorganization plan operates to discharge all unsecured debts and liabilities, even those of tort victims who were unaware of the debtor's bankruptcy." Id., citing *In re U.S.H. Corp.*, 223 B.R. 654, 657 (Bankr.S.D.N.Y.1998) (citing 11 U.S.C. §§ 1141 and 524; *Brown v. Seaman Furniture Co., Inc.*, 171 B.R. 26, 27 (E.D.Pa.1994)).

In this case, as shown in the bankruptcy docket, notice of the pending bankruptcy case and the proof of claims deadline was properly given. The bankruptcy docket also establishes that Plaintiff did not file a claim prior to the Bar Date. Plaintiff did not request permission to file a

4

late claim. The Bankruptcy Court approved a Plan of Reorganization, resulting in the discharge of all untimely filed claims. Plaintiff's claim was untimely, and this debt was discharged.

The bar of the discharge in bankruptcy is insurmountable. A discharge "operates as an injunction against the commencement or continuation of an action." 11 U.S.C. § 524(a)(2). Plaintiff cannot identify the existence of a material factual dispute that would permit this case to proceed to a jury, as this case is enjoined by law from continuing. Accordingly, summary judgment must be entered against Plaintiff and this action must be dismissed. Defendant's First Motion for Summary Judgment is moot in light of the discharge of Plaintiff's claim and the granting of Defendant's Second Motion for Summary Judgment.

And now, the Court **GRANTS** Defendant's Second Motion for Summary Judgment (Document No. 27). Defendant's First Motion for Summary Judgment (Document No. 15), filed on July 28, 2006, is now **DENIED because it is MOOT**.

Date: October 27, 2010

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

5